***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 30, reversed and remanded September 28, 2022

In the Matter of W. M. I.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. A. I.,
aka B. A. L.,
*Appellant.*

Jackson County Circuit Court
19JU02885; A178212 (Control)

In the Matter of S.-S. R. I.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. A. I.,
aka B. A. L.,
*Appellant.*

Jackson County Circuit Court
19JU02886; A178213

In the Matter of R. M. I,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. A. I.,
aka B. A. L.,
*Appellant.*

Jackson County Circuit Court
19JU02889; A178214

Kelly W. Ravassipour, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Reversed and remanded.

**TOOKEY, P. J.**

In this consolidated juvenile dependency case, mother challenges the juvenile court judgments changing the permanency plans for her three children from reunification to adoption. At the time of the permanency hearing, the sole jurisdictional basis was that "mother requires the assistance of DHS to provide a safe home environment." In her first through third assignments of error, mother argues that, in changing the permanency plans, the juvenile court erred when it made the predicate determination that DHS had made reasonable efforts to reunify the family. Specifically, mother argues that DHS did not give her a reasonable opportunity to ameliorate the adjudicated basis for jurisdiction, because DHS did not provide mother with services to address her parenting deficits until two years into the dependency proceedings—about six months before the permanency hearing. In response, DHS "concedes that it failed to make reasonable efforts, because it did not provide mother a sufficient opportunity to engage in the needed parenting service" and agrees that the permanency judgments should be reversed for that reason.

We "evaluate the sufficiency of DHS's efforts over the entire duration of [a] child's case and under the totality of the circumstances." *Dept. of Human Services v. C. S. C.*, 303 Or App 399, 408, 463 P3d 582 (2020). Under the totality of the circumstances in this case, we agree with and accept DHS's concession. *See Dept. of Human Services v. S. S.*, 278 Or App 725, 738, 375 P3d 556 (2016) (holding that DHS's efforts were not reasonable where effort during four-month period preceding permanency hearing "was not enough to compensate for six months of failure to [provide services]" and "not long enough to make DHS's efforts reasonable overall in light of the previous period of insufficient efforts"); *Dept. of Human Services v. V. A. R.*, 301 Or App 565, 570-71, 456 P3d 681 (2019) (holding that DHS's efforts were not reasonable where, after 16-month delay, DHS provided parent-training services during three-month period preceding permanency hearing, and "the delay in providing services means that mother was not given a reasonable opportunity to demonstrate that, with those services, she could become

a minimally adequate parent"). Therefore, we reverse and remand.[1]

Reversed and remanded.

---

[1] In her remaining assignments of error, mother argues that the juvenile court erred in ruling that she had made insufficient progress toward reunification with the children, and erred in changing the permanency plan away from reunification to adoption. Because we reverse the permanency judgment, we need not address mother's remaining assignments of error.